UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 19, 2016

Edwina D. Washington
12438 Old Colony Drive
Upper Marlboro, MD 20772

Stacey W. Harris, Esq.
Social Security Administration
Altmeyer Building
6401 Security Boulevard, Room 617
Baltimore, MD 21235

RE:   *Edwina D. Washington v. Commissioner, Social Security Administration*;
        Civil No. SAG-14-2192

Dear Ms. Washington and Counsel:

On July 8, 2014, Plaintiff Edwina D. Washington, who proceeds *pro se* since the withdrawal of her attorney, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the Commissioner's Motion for Summary Judgment. (ECF No. 23). Ms. Washington has not filed a response.[1] I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Washington filed claims for Disability Insurance Benefits and Supplemental Security Income on April 21, 2011, originally alleging disability beginning May 9, 2010.[2] (Tr. 143-57). Her claim was denied initially and on reconsideration. (Tr. 91-97, 100-04). A hearing was held on December 3, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 27-53). Following the hearing, the ALJ determined that Ms. Washington was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 7-26). The Appeals Council denied Ms.

---

[1] On December 15, 2015, a Rule 12/56 letter was sent to Ms. Washington advising her of her right to file a response to the Commissioner's motion within seventeen (17) days from the date of the letter. (ECF No. 24). No response was received.

[2] At the hearing, Ms. Washington amended her alleged onset date to April 12, 2011. (Tr. 33).

Washington's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Washington suffered from the severe impairments of degenerative disc disease and obesity. (Tr. 13). Despite these impairments, the ALJ determined that Ms. Washington retained the residual functional capacity ("RFC") to:

> perform light work as defined in 404.1567(b) and 416.967(b) and, alternatively, sedentary work as defined in 404.1567(a) and 416.967(a), except the claimant cannot climb ladders, ropes or scaffolds, be exposed to hazardous heights or hazardous moving machinery, or be exposed to extreme temperature changes as a precautionary measure due to physical limitations.  The claimant has the ability to walk or stand for a total of four hours per day in an eight-hour day, and to sit for a total of six hours per day in an eight-hour day.  The claimant requires the option to alternate between sitting and standing such that not more than ½ hour is required to either sit or stand at any one time.  The claimant retains the ability to occasionally climb stairs and ramps, to balance, stoop and crouch, but does not retain the ability to perform work involving crawling or kneeling.  The claimant is right-hand dominant.  The claimant should have no more than occasional exposure to vibration, humidity or wetness.  The claimant should have no frequent exposure to dust, fumes, chemicals, and poor ventilation.  The claimant is precluded from work requiring the use of push/pull controls with the legs due to chronic lower back pain.  The claimant must do no above the shoulder upper extremity lifting or carrying.  The claimant has "occasional interruptions in the ability to work" as result of pain and fatigue, and as to performing activities within a schedule and maintaining regular attendance for reliability purposes, and being punctual within customary tolerances, and as to completing a normal work day or work week without an unreasonable length and number of rest periods but can still function satisfactorily more than 80% of the time.

(Tr. 14) (footnotes omitted).   After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Washington was not disabled.  (Tr. 20-22).

I have carefully reviewed the ALJ's opinion and the entire record.  *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings).  For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation.  The ALJ ruled in Ms. Washington's favor at step one and determined that she had not engaged in substantial gainful activity since her amended alleged onset date of April 12,

*Edwina D. Washington v. Commissioner, Social Security Administration*
Civil No. SAG-14-2192
January 19, 2016
Page 3

2011. (Tr. 12); *see* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At step two, the ALJ considered the severity of each of the impairments that Ms. Washington claimed prevented her from working. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). As noted above, the ALJ concluded that several of Ms. Washington's alleged impairments were severe. (Tr. 13). The ALJ further determined that Ms. Washington's bilateral carpal tunnel syndrome was not medically determinable since there was no formal diagnosis in the record, and thus found it to be non-severe.[3] *Id.* Accordingly, I find no basis for remand.

At step three, the ALJ determined that Ms. Washington's impairments did not meet the specific requirements of, or medically equal the criteria of, any listings. (Tr. 16-17). The ALJ considered the specific requirements of Listing 1.04, which pertains to back impairments. (Tr. 13-14). The ALJ provided adequate explanation of his evaluation of the listing, by describing the specific criteria that are not met in the medical record. *Id.* The ALJ further evaluated Ms. Washington's obesity and determined that it did not meet or equal a listing or cause her other severe impairments to meet or equal a listing. (Tr. 13-14). I have carefully reviewed the record, and I agree that no listings are met.

In considering Ms. Washington's RFC, the ALJ summarized her subjective complaints that she was prevented from working by back pain and carpal tunnel syndrome. (Tr. 15). However, the ALJ determined that Ms. Washington's subjective complaints were not entirely credible. *Id.* The ALJ cited to Ms. Washington's generally independent activities of daily living, which include making simple meals, light chores, some drawing, reading, and writing. *Id.* The ALJ further reviewed and cited medical evidence, emphasizing that Ms. Washington conceded that she had not sought medical treatment in the year prior to the hearing. *Id.* The ALJ also noted that her medical conditions had required only conservative treatment and that she had not completed all of the prescribed medications. (Tr. 16). The ALJ cited to the records from Ms. Washington's treating doctor, Dr. Selya, indicating that she is in overall good health with full muscular strength in her lower extremities, which appears consistent with the results of a consultative examination report also suggesting relatively normal findings. (Tr. 17). The ALJ thus provided a thorough credibility analysis, explaining his reasons for discounting each of Ms. Washington's complaints.

In assessing Ms. Washington's RFC, the ALJ also considered all of the opinion evidence in the record, providing substantial evidence in support of the weight he accorded each opinion. The ALJ assigned "little weight" to the opinion of consultative examiner Dr. Lee, to the extent that he assessed limitations in Ms. Washington's ability to use her hands without describing the limitations and while also noting that her grip strength was intact bilaterally. (Tr. 18). The ALJ thus gave evidentiary weight "to the hand/arm/finger use limitation only from a standpoint of addressing limitations on heavy lifting." *Id.* The ALJ gave the rest of Dr. Lee's opinion "some weight" since he was the only physician to examine the claimant after the alleged onset date.

---

[3] The ALJ noted that, even if a limitation of "no constant repetitive bilateral hand use" had been found for Ms. Washington, according to the VE's testimony, jobs still would have existed such that she would not be deemed disabled. (Tr. 13). Thus, any error was harmless.

(Tr. 18). The ALJ also assigned "significant weight" to the opinions of the State agency consultants that Ms. Washington was capable of a restricted range of light work. (Tr. 19).

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Washington's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, I find the ALJ's RFC determination was supported by substantial evidence.

Next, at step four, the ALJ determined that, pursuant to her RFC assessment, Ms. Washington was unable to perform her past relevant work as an optician, head teller, branch, manager, or art consultant. (Tr. 19-20). Accordingly, the ALJ proceeded to step five, where he considered the impact of Ms. Washington's age and level of education on her ability to adjust to new work. (Tr. 20-22). After considering and summarizing the testimony of the VE, the ALJ found that both light and sedentary jobs existed in significant numbers in the national economy that a person with Ms. Washington's RFC could perform. *Id.* I find that the ALJ's determination was supported by substantial evidence.

For the reasons set forth herein, Defendant's Motion for Summary Judgment (ECF No. 23) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge